## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| **The Gorilla Glue Company,** | **Case No. 1:17-cv-193** |
| **PLAINTIFF,** | **Judge _____** |
| **vs.** | **COMPLAINT FOR TRADEMARK INFRINGEMENT, DILUTION AND UNFAIR COMPETITION** |
| **GG Strains LLC,** | |
| **DEFENDANT.** | |

## COMPLAINT

For its Complaint against GG Strains LLC, Plaintiff The Gorilla Glue Company ("Gorilla Glue") states as follows:

## NATURE OF THE ACTION

1.     This is a civil action for trademark infringement, dilution, unfair competition and cybersquatting under federal, state, and common law.  Gorilla Glue brings this action because GG Strains LLC ("Defendant") is unlawfully advertising and selling products and services under a confusingly similar name to Gorilla Glue's trademarks, in violation and dilution of Gorilla Glue's trademark rights.  Gorilla Glue seeks to enjoin Defendant's acts, to recover damages and Defendant's profits, and to secure other relief, including attorney fees and costs.

2.     Throughout the United States, Gorilla Glue's adhesive products are well known and trusted for their strength and stickiness.  That reputation has been built over the course of more than two decades, through maintaining rigorous quality standards and investing millions of dollars in the brand.  On information and belief, "strength" and "stickiness" are also considered

to be desirable characteristics in marijuana strains and products.  Unfortunately, Defendant is trading on Gorilla Glue's reputation and goodwill by marketing marijuana products and services under the names Gorilla Glue #1, Gorilla Glue #4 and Gorilla Glue #5.  As medical and recreational use of marijuana has become authorized under the laws of more and more states, Defendant's public use of the name has increased, as have Defendant's apparent ambitions with respect to continued use and growth of the name.  This lawsuit is not a comment on any federal or state policy matters, medical or pharmaceutical issues, or choices in recreation.  But Gorilla Glue has a famous, valuable brand built through tremendous products and strong consumer confidence, and as a business matter must take appropriate steps to protect its rights.

## THE PARTIES

3.     The Gorilla Glue Company is an Ohio corporation having a principal place of business at 2101 East Kemper Road in Sharonville, Ohio, 45241.  Since at least as early as 1994, and prior to Defendant's use, Gorilla Glue and its predecessors in interest have used the trademarks GORILLA and GORILLA GLUE, along with related marks and designs (collectively, the "GORILLA GLUE marks") in interstate commerce in advertising and selling glue, and also in connection with expanded product lines such as tape, sealant and clothing.

4.     On information and belief, Defendant is a Nevada limited liability company having a principal place of business at 9360 West Flamingo Road #110-212 in Las Vegas, Nevada, 89147.  Defendant uses the marks GORILLA GLUE #1, GORILLA GLUE #4 and GORILLA GLUE #5 (collectively, the "GORILLA GLUE # marks") in connection with its own products and services in a way that infringes and dilutes Gorilla Glue's trademark rights.

2

## JURISDICTION AND VENUE

5.     This action arises under the federal Lanham Act, 15 U.S.C. §§ 1051, et seq., the Ohio Deceptive Trade Practices Act, O.R.C. §§ 4165.01 et seq., and under the common law of the State of Ohio.

6.     This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a), and 1338(b).  Pursuant to 28 U.S.C. § 1367, this Court also has supplemental jurisdiction over Gorilla Glue's state-law claims because those claims are so related to Gorilla Glue's federal Lanham Act claims that they form part of the same case or controversy.  This Court also has diversity jurisdiction under 28 U.S.C. § 1332 because Gorilla Glue and Defendant are citizens of different states (Ohio and Nevada respectively) and the amount in controversy exceeds $75,000 exclusive of interest and costs.

7.     This Court has personal jurisdiction over Defendant and venue is appropriate in this Court.  Defendant is an entity that is subject to this Court's personal jurisdiction with respect to this action, and it has sufficient contacts with Ohio and with this District.  In addition, a substantial part of the events giving rise to Gorilla Glue's claims occurred in this District.

8.     Among other things, Defendant's marketing and advertising reach into Ohio and into this District; its confusion of consumers and dilution of Gorilla Glue's trademark rights occur in Ohio and in this District, among other places; the harm to Gorilla Glue's trademark rights and goodwill takes place in this District; Defendant sells goods through its website by way of knowing and repeated transmissions of computer files over the internet, including, on information and belief, to customers in Ohio and in this District; Defendant operates an interactive website that establishes additional contact with residents of Ohio and of this District; Gorilla Glue's trademark rights arise from, among other things, its business in this District, and

3

the trademark rights are owned in this District; and Gorilla Glue's applications for trademark registrations originated from this District.

9.      Defendant does business directly over the internet, including with respect to Ohio, through its website *<gorillaglue4.com>*.  It sells "Gorilla Gear," including T-shirts and other clothing, directly to customers through its website.  The products are marketed in connection with the GORILLA GLUE # marks on the website and the merchandise itself also bears the GORILLA GLUE # marks.

10.     In addition to direct sales of merchandise out of which this action arises, Defendant's website also engages in a very high level of interactivity.  The website has an interactive "Contact Us" page in which communications can be sent to Defendant directly through a web form submission.  The web form solicits information about the contacting user, including his or her name, email address and telephone number.  The web form also asks whether the inquiry is on behalf of a dispensary or someone seeking to become an authorized cultivator.

11.     The "Distributors" section of Defendant's website encourages users to contact Defendant through the website "to becom[e] an authorized distributor, cultivator or dispensary," with a hyperlink to the interactive "Contact Us" page described above.  Further, the "Seeds" link under "Our Strains" leads to a sign-up page for Defendant's email distribution list "to get updates and news" about Defendant's seeds.

12.     Defendant's website also allows and encourages customers to use an interactive map showing distributors of products sold under the GORILLA GLUE #4 mark and office locations of Defendant.  It provides hyperlinked icons that direct the website user to Defendant's social media feeds, encouraging the user to "follow" Defendant.  These social media feeds

broadcast yet more infringing and dilutive use of the GORILLA GLUE # marks. The website also links to third parties' Instagram posts that feature the GORILLA GLUE # marks and certain of the GORILLA GLUE marks.

13. Defendant's website also advertises "Testimonials" from customers, with an advertisement encouraging users to "Send us a note." Additionally, it offers links to news releases regarding Defendant's infringing and dilutive activities. Overall, it is on the extremely high end of the spectrum of website interactivity.

14. On information and belief, one or more residents of Ohio have purchased clothing directly through Defendant's website, the Defendant received payment from Ohio through its website, and the clothing was shipped to Ohio.

15. Further, Defendant sells marijuana and related services outside of Ohio in a way that foreseeably caused and causes tortious injury within Ohio. Defendant has sold and released strains of marijuana to cultivators under the GORILLA GLUE # marks and has sought to maintain the link in consumers' minds between the GORILLA GLUE # marks and Defendant's marijuana (as sold by cultivators and distributors) on a nationwide basis.

16. On information and belief, as a foreseeable and intended result of Defendant's release of strains of marijuana branded with the GORILLA GLUE # marks (as well as Defendant's efforts to preserve and promote the link between said marijuana and the brand) Defendant's marijuana has entered Ohio and been used in Ohio in connection with the GORILLA GLUE # marks. Users within Ohio have broadcast public social media posts associating the GORILLA GLUE # marks and certain of the GORILLA GLUE marks with said marijuana. Non-exhaustive examples are attached as **Exhibit A**. As noted above, Defendant

encourages the use of social media, including Twitter, Facebook and Instagram, in connection with Defendant and its use of the GORILLA GLUE # marks.

## **GENERAL ALLEGATIONS**

17.     Gorilla Glue is a privately held company based in the Cincinnati, Ohio area.  It is extremely well-known for its adhesive products sold under the GORILLA GLUE marks.  The original Gorilla Glue® has been sold for more than two decades, and the entire company has been named The Gorilla Glue Company since 2004.  Products bearing the GORILLA GLUE marks are sold in highly visited stores all over the country.  Gorilla Glue has expanded its offerings over time to include Gorilla Tape®, Gorilla® Super Glue, Gorilla® Wood Glue, Gorilla® Epoxy, Gorilla® Construction Adhesive, clothing and other products.  Gorilla Glue takes pride in selling high-quality products, and it chooses to put the GORILLA GLUE marks only on products that meet rigorous development standards.

18.     Gorilla Glue's adhesive products branded with the GORILLA GLUE marks are marketed and sold in retail stores nationally, including, for example, CVS, Ace Hardware, Target, Wal-Mart, Home Depot, Lowe's, True Value Hardware, O'Reilly AutoParts, and Menards.  Gorilla Glue has also sold its products internationally, including in the United Kingdom, Europe, Asia and Australia.  Gorilla Glue has invested a great deal in the GORILLA GLUE marks, and on information and belief, it has become the most top-of-mind brand in its field, as well as one of the leading sellers.

19.     Gorilla Glue has purchased advertising nationwide, including network and cable television commercials, print advertising, online video, social media, radio, and sports marketing partnerships involving the MLB, NBA and NCAA.  Its commercials have aired on CNN, ESPN, Fox News, HGTV, DIY, The History Channel, Animal Planet, Facebook, YouTube and more.

20.     Gorilla Glue also markets its products through trade shows and promotions.  Yet further, Gorilla Glue has won the prestigious *Good Housekeeping* Seal for its family of products, an accreditation from the *Good Housekeeping* Institute.

21.     Gorilla Glue is also active in social media marketing, including Twitter, Facebook and Pinterest.

22.     The GORILLA GLUE marks are famous, and customers associate the brand with strength and stickiness.

23.     In order to protect the substantial goodwill in its GORILLA GLUE marks, Gorilla Glue owns the following trademark registrations in the United States.

| | Mark | Goods/Services | Status/Registration Date |
|---|---|---|---|
| 1 | GORILLA GLUE<br><br>Reg. No.: 2449800 | (Int'l Class: 01)<br>all purpose industrial glue<br>(Int'l Class: 16)<br>all purpose household glue | Registered<br>May 8, 2001 |
| 2 | GORILLA GLUE GORILLA BRAND PREMIUM GLUE and Design<br><br><br><br>Reg. No.: 2069032 | (Int'l Class: 01)<br>all purpose industrial glue made of moisture cured polyurethane, used to bond wood, stone, metal, ceramics, and plastic<br>(Int'l Class: 16)<br>all purpose household glue made of moisture cured polyurethane, used to bond wood, sone, metal, ceramics, and plastic<br>(Int'l Class: 25)<br>clothing, namely, shirts and hats | Registered<br>June 10, 1997 |

| | Mark | Goods/Services | Status/Registration Date |
|---|---|---|---|
| 3 | GORILLA BRAND PREMIER GLUE GORILLA PVC and Design  Reg. No.: 2328025 | (Int'l Class: 01) cement used to bond polyvinyl chloride (pvc) pipe and pipe fittings | Registered March 14, 2000 |
| 4 | GORILLA Reg. No.: 4026349 | (Int'l Class: 16) adhesives for stationery or household use; super glue for stationery or household use; wood glue for household use; polyurethane glue for stationery or household use; adhesive tape for stationery or household use | Registered September 13, 2011 |
| 5 | GORILLA and Design  Reg. No.: 4026350 | (Int'l Class: 16) adhesives for stationery or household use; super glue for stationery or household use; wood glue for household use; polyurethane glue for stationery or household use; adhesive tape for stationery or household use | Registered September 13, 2011 |
| 6 | GORILLA Reg. No.: 3782762 | (Int'l Class: 01) adhesives, other than for stationery or household purposes; construction and industrial adhesives; all purpose industrial glue; epoxy glue for general bonding and repair purposes; super glue for general bonding and repair purposes; polyurethane glue for general bonding and repair purposes; wood glue for general bonding and repairing, and for construction and industrial purposes | Registered April 27, 2010 |

| | Mark | Goods/Services | Status/Registration Date |
|---|---|---|---|
| 7 | GORILLA<br><br>Reg. No.: 4809495 | (Int'l Class: 17)<br>adhesive sealants for general use; caulking; and adhesive tape for industrial or commercial use | Registered<br>September 8, 2015 |
| 8 | GORILLA<br><br>Reg. No.: 4515217 | (Int'l Class: 03)<br>abrasive pads and blocks | Registered<br>April 15, 2014 |
| 9 | GORILLA and Design<br><br><br><br>Reg. No.: 3782761 | (Int'l Class: 01)<br>adhesives, other than for stationery or household purposes; construction and industrial adhesives; all purpose industrial glue; epoxy glue for general bonding and repair purposes; super glue for general bonding and repair purposes; polyurethane glue for general bonding and repair purposes; wood glue for general bonding and repairing, and for construction and industrial purposes | Registered<br>April 27, 2010 |
| 10 | GORILLA and Design<br><br><br><br>Reg. No.: 4813797 | (Int'l Class: 17)<br>adhesive sealants for general use; caulking; and adhesive tape for industrial or commercial use | Registered<br>September 15, 2015 |
| 11 | GORILLA TOUGH<br><br>Reg. No.: 3381899 | (Int'l Class: 16)<br>glue for stationery or household use; adhesive tape for stationery or household purposes | Registered<br>February 12, 2008 |

| | Mark | Goods/Services | Status/Registration Date |
|---|---|---|---|
| 12 | GORILLA INCREDIBLY STRONG and Design  Reg. No.: 4955512 | (Int'l Class: 01) adhesives, other than for stationery or household purposes; construction and industrial adhesives; all purpose industrial glue; epoxy glue for general bonding and repair purposes; super glue for general bonding and repair purposes; polyurethane glue for general bonding and repair purposes; wood glue for general bonding and repairing, and for construction and industrial purposes; contact cements (Int'l Class: 16) adhesives for stationery or household use; all purpose household glue; super glue for stationery or household use; wood glue for household use; polyurethane glue for stationery or household use; adhesive tape for stationery or household use (Int'l Class: 17) adhesive sealants for general use; caulking; adhesive tape for industrial or commercial use | Registered May 10, 2016 |
| 13 | GORILLA INCREDIBLY STRONG 100% TOUGH and Design  Reg. No.: 4959865 | (Int'l Class: 01) adhesives, other than for stationery or household purposes; construction and industrial adhesives; all purpose industrial glue; epoxy glue for general bonding and repair purposes; super glue for general bonding and repair purposes; polyurethane glue for general bonding and repair purposes; wood glue for general bonding and repairing, and for construction and industrial purposes; contact cements (Int'l Class: 16) adhesives for stationery or household use; all purpose household glue; super glue for stationery or household use; wood glue for household use; polyurethane glue for stationery or household use; adhesive tape for stationery or household use (Int'l Class: 17) adhesive sealants for general use; caulking; adhesive tape for industrial or commercial use | Registered May 17, 2016 |
| 14 | GORILLA TAPE Reg. No.: 3105182 | (Int'l Class: 16) adhesive tape for stationary or household purposes (Int'l Class: 17) adhesive tape for industrial or commercial use | Registered June 13, 2006 |

|   | Mark | Goods/Services | Status/Registration Date |
|---|------|----------------|--------------------------|
| 15 | GORILLA TAPE INCREDIBLY STRONG 100% TOUGH and Design<br><br><br><br>Reg. No.: 3336141 | (Int'l Class: 16)<br>adhesive tape for stationery or household purposes<br>(Int'l Class: 17)<br>adhesive tape for industrial or commercial use | Registered<br>November 13, 2007 |

24.    Copies of the registration certificates and status printouts for the above federal registrations, taken from the U.S. Patent and Trademark Office's Trademark Status Document Retrieval, are attached hereto as **Exhibit B**.

25.    The existence of these valid and subsisting federal trademark registrations constitutes prima facie evidence of the ownership and validity of Gorilla Glue's registered GORILLA GLUE marks.

26.    Moreover, Registration Nos. 2449800, 2069032, 2328025, 4026349, 4026350, 3782762, 3782761, 3381899, 3105182 and 3336141 are incontestable pursuant to 15 U.S.C. § 1065, which constitutes conclusive evidence of Gorilla Glue's exclusive right to use those marks for the products specified in the registrations pursuant to 15 U.S.C. §§ 1065 and 1115(b).

27.    Gorilla Glue also has trademark registrations in a number of other countries all over the world, including Mexico, Canada, the European Union, China, Turkey, Vietnam, South Africa, Norway and others.

28.    Gorilla Glue and its predecessors in interest have used the GORILLA GLUE marks without interruption since at least as early as 1994. To its knowledge, Gorilla Glue's use

of its GORILLA GLUE marks has been exclusive during this time in relation to the products set forth and described above, and no other entity has the right to use a mark similar to the GORILLA GLUE marks in connection with the services set forth and described above or related goods or services.

29.     Through its continuous use of the GORILLA GLUE marks over more than two decades, Gorilla Glue has built up substantial goodwill in the mark, and the relevant consumers have come to recognize Gorilla Glue as the source of high-quality adhesive products.

30.     Gorilla Glue has advertised its products throughout the United States, including without limitation via its website located at *<gorillatough.com>*[1] and through the above-discussed advertising and marketing.  Gorilla Glue has received media coverage and accolades for its products and advertising campaigns from, without limitation, *USA Today*, *Ad Age*, *Popular Science* magazine, *Popular Mechanics*, *Reader's Digest*, *Backpacker*, *Cabela's Outfitter Journal*, and *Women's Day*.

31.     On information and belief, Defendant is a provider of certain strains of marijuana as well as services, certifications and clothing related thereto.  Among other things, Defendant advertises and supplies strains of marijuana known as Gorilla Glue #1, Gorilla Glue #4 and Gorilla Glue #5.

32.     On information and belief, Defendant was founded and is operated, in part, by persons going by the names Josey Whales and Lone Watie.  Defendant's website states that Mr. Whales and Mr. Watie are the original breeders of the Gorilla Glue #4 strain of marijuana.  They, on behalf of Defendant, have entered Gorilla Glue #4 in cannabis competitions and distributed hundreds of "cuts" of the strain to cultivators.

---

[1] Gorilla Glue also owns the web domain *<gorillaglue.com>*, which re-directs to *<gorillatough.com>*.

33.    Defendant certifies and authorizes select cultivators around the country to market marijuana bearing the GORILLA GLUE mark.

34.    The origin of the name of Gorilla Glue #4 demonstrates the fame of the GORILLA GLUE marks and the willful intent of Defendant in selecting Gorilla Glue #4 as the name of its marijuana strain.  Based on a published interview he gave, Mr. Whales selected the name during a telephone call that he had with someone after he had been trimming the marijuana strain at issue.  He noticed that the phone was stuck to his hand, and he told the other party to the telephone call that the plant made him "stick to things like Gorilla Glue."  (On information and belief, certain marijuana strains have buds that are coated in a sticky resin, and there is a connotation among consumers of medicinal and recreational marijuana that "sticky" marijuana is high-quality marijuana.)

35.    Defendant selected the name on this basis.  On information and belief, this occurred in the Western part of the United States in the early or mid-2010s, although Gorilla Glue only became aware of Defendant's actions, the product name, and the origin story, years later.

36.    Defendant thus willfully infringes on Gorilla Glue's trademark rights and dilutes the famous GORILLA GLUE mark.  The name of Defendant's product was selected with the express purpose to exploit and trade on the goodwill and reputation for strength and stickiness that Gorilla Glue had built in its GORILLA GLUE mark, which caused it to be top-of-mind with Mr. Whales and others with respect to those characteristics.

37.    Defendant operates the website *<gorillaglue4.com>*.  The interactive functionality and direct merchandising of the Defendant website are discussed above.

13

38.    Defendant has also filed to register certain relevant marks with state trademark systems.  In Colorado, Defendant registered the word trademark "Gorilla Glue #4" in the class "005 Pharmaceuticals" with a product description of "Medical cannabis, the specific Gorilla Glue #4 hybrid cannabis plant strain."  Also in Colorado, Defendant registered the following logo in the class "031 Natural Agricultural Products" with the same product description:



39.    In Washington, Defendant has registered logos using its business name, "GG Strains" along with an image of a smoking gorilla:



40.    On information and belief, Defendant has registered or applied to register additional confusingly similar trademarks in other state trademark registration systems.

14

41.     Defendant's use of the GORILLA GLUE # marks is identical in sound and connotation to Gorilla Glue's registered GORILLA GLUE marks.

42.     Defendant's use of the GORILLA GLUE # marks is confusingly similar to Gorilla Glue's use of the GORILLA GLUE marks.  The two companies both sell identical goods with respect to clothing.  Gorilla Glue owns federal trademark Registration No. 2069032 for one of its GORILLA GLUE marks in connection with "clothing, namely shirts and hats," entitling it to national exclusivity.  Moreover, as to all products and services, Defendant is willfully infringing the GORILLA GLUE marks to create an association in its consumers' minds between Defendant and Gorilla Glue for purposes of trading on Gorilla Glue's reputation for products exhibiting strength and stickiness.  Defendant is intentionally trading off of Gorilla Glue's name, reputation and goodwill.

43.     Defendant's activities described above are without Gorilla Glue's permission or consent.

44.     On information and belief, Defendant's activities described above are willful.

45.     Defendant's activities described above have directly and proximately caused, and unless enjoined will continue to cause, irreparable harm both to Gorilla Glue and to consumers, who have an interest in being free from confusion, mistake, and deception.

46.     Gorilla Glue has no adequate remedy at law and will be irreparably harmed if Defendant is permitted to use the GORILLA GLUE # marks in the United States in connection with its products and services.

## COUNT ONE

### (Trademark Dilution Under 15 U.S.C. § 1125(c))

47.     Gorilla Glue incorporates by reference each and every paragraph above as if re-stated herein.

48.     The GORILLA GLUE marks are famous.

49.     Defendant adopted its dilutive GORILLA GLUE # marks after the GORILLA GLUE marks became famous.

50.     The use of Defendant's GORILLA GLUE # marks is likely to cause, and does cause, dilution of the GORILLA GLUE mark.

51.     The use of Defendant's GORILLA GLUE # marks is likely to cause, and does cause, a decrease in the ability of the GORILLA GLUE mark to maintain its distinctiveness and close association with Gorilla Glue and/or maintain its excellent reputation in the minds of consumers.

52.     Defendant's use of its dilutive GORILLA GLUE # marks is commercial and in commerce.

53.     Defendant's first use in commerce of its dilutive GORILLA GLUE # marks began many years after October 6, 2006 (the date of first use after which an award of damages/profits is available under the Lanham Act).

54.     Defendant willfully intended to trade on the recognition of the famous GORILLA GLUE marks.

55.     As a direct and proximate result of the foregoing acts of Defendant, Gorilla Glue has suffered and will continue to suffer monetary damages in an amount that will be established at trial.

56.     Defendant's dilution described herein irreparably harms Gorilla Glue, and there is no adequate remedy at law.  The balance of equities weighs in favor of an injunction.

## COUNT TWO

### (Trademark Infringement Under 15 U.S.C. § 1114(1))

57.     Gorilla Glue incorporates by reference each and every paragraph above as if re-stated herein.

58.     Gorilla Glue has invested significant effort and funds in marketing and promoting its products under the GORILLA GLUE marks.  Consumers associate the famous GORILLA GLUE marks with a single producer or source in the United States.

59.     Defendant's infringing use of the GORILLA GLUE # marks is confusingly similar to Gorilla Glue's trademarks.

60.     Defendant's use of the marks in connection with the sale, offering for sale, distribution and advertising of marijuana products, related services, and clothing is likely to cause confusion, or to cause mistake, or to deceive in violation of Section 32(1)(a) of the Lanham Act, 15 U.S.C. § 1114(1).

61.     Defendant is creating a likelihood of confusion or mistake by purchasers as to the sponsorship or approval of such products and services by Gorilla Glue, or as to an affiliation with or approval from Gorilla Glue.

62.     As a direct and proximate result of the foregoing acts of Defendant, Gorilla Glue has suffered and will continue to suffer monetary damages in an amount that will be established at trial.

63.    On information and belief, Defendant's acts were in conscious and willful disregard of Gorilla Glue's rights, and the resulting damage to Gorilla Glue is such as to warrant the trebling of damages in order to provide just compensation.

64.    Defendant's infringement described herein also irreparably harms Gorilla Glue, and there is no adequate remedy at law.  The balance of equities weighs in favor of an injunction.

## COUNT THREE

## (Trademark Infringement Under 15 U.S.C. § 1125(a)(1)(A))

65.    Gorilla Glue incorporates by reference each and every paragraph above as if restated herein.

66.    By misappropriating, using and copying the GORILLA GLUE marks, Defendant is misrepresenting and falsely describing to the consumers the origin, sponsorship, or approval of its products and services.  Defendant's use in commerce of the GORILLA GLUE # marks in connection with its commercial activities is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Gorilla Glue, or as to the origin, sponsorship, or approval of Defendant, its products, and its commercial activities, by or with Gorilla Glue, in violation of the Lanham Act, 15 U.S.C. § 1125 (a)(1)(A).

67.    As a direct and proximate result of the foregoing acts of Defendant, Gorilla Glue has suffered and will continue to suffer monetary damages in an amount that will be established at trial.

68.    On information and belief, Defendant's acts were in conscious and willful disregard of Gorilla Glue's rights, and the resulting damage to Gorilla Glue is such as to warrant the trebling of damages in order to provide just compensation.

69.     Defendant's activities described herein irreparably harm Gorilla Glue, and there is no adequate remedy at law.  The balance of equities weighs in favor of an injunction.

## COUNT FOUR

### (Cybersquatting Under 15 U.S.C. § 1125(d))

70.     Gorilla Glue incorporates by reference each and every paragraph above as if re-stated herein.

71.     Gorilla Glue's GORILLA GLUE marks are distinctive and famous.

72.     Defendant has registered, trafficked in, and/or used the *<gorillaglue4.com>* domain name.

73.     The *<gorillaglue4.com>* domain name is confusingly similar to and dilutive of the GORILLA GLUE marks.

74.     On information and belief, Defendant has or had a bad faith intent to profit from the GORILLA GLUE marks.  As a direct and proximate result of Defendant's conduct, Gorilla Glue has suffered, and will continue to suffer, monetary loss and irreparable injury to its business, reputation and goodwill.

## COUNT FIVE

### (Violation of the Ohio Deceptive Trade Practices Act, O.R.C. § 4165.01 et seq.)

75.     Gorilla Glue incorporates by reference each and every paragraph above as if re-stated herein.

76.     Defendant's use of the GORILLA GLUE marks on or in connection with its products and services is likely to cause confusion or misunderstanding as to the source, sponsorship, or approval of its goods, is likely to cause confusion or misunderstanding as to an affiliation, connection, or association with Gorilla Glue, and constitutes a representation that

19

Defendant's services have sponsorship, approval, or characteristics that they do not have, all in violation of O.R.C. § 4165.01 et seq.

77.    Defendant's dilution described herein irreparably harms Gorilla Glue, and there is no adequate remedy at law.  The balance of equities weighs in favor of an injunction.

## COUNT SIX

## (Common Law Trademark Infringement, Unfair Competition and Dilution)

78.    Gorilla Glue incorporates by reference each and every paragraph above as if restated herein.

79.    Defendant's activities described above constitute common law trademark infringement and misappropriation of the goodwill associated with Gorilla Glue's GORILLA GLUE marks and constitute unfair competition in violation of Ohio common law.

80.    Gorilla Glue's GORILLA GLUE marks are strong, distinctive and famous in the United States in general, and also in Ohio and in the field of adhesives.

81.    Defendant adopted its dilutive GORILLA GLUE marks after the GORILLA GLUE marks were first used in commerce, and indeed after the GORILLA GLUE marks had become famous.

82.    The use of Defendant's GORILLA GLUE # marks causes dilution of the GORILLA GLUE marks.

83.    Defendant's use of its dilutive GORILLA GLUE # marks is commercial and in commerce.

84.    Defendant willfully intended to trade on the recognition of the famous, distinctive and strong GORILLA GLUE marks.

85.     Defendant's dilution described herein irreparably harms Gorilla Glue, and there is no adequate remedy at law.  The balance of equities weighs in favor of an injunction.

## REQUST FOR RELIEF

Wherefore, Gorilla Glue respectfully requests that this Court enter judgment in its favor on each and every count set forth above and award it relief including, but not limited to, the following:

a.     An Order holding that Defendant's actions described above infringe Gorilla Glue's GORILLA GLUE marks and that Defendant's actions constitute trademark dilution, trademark infringement, cybersquatting, false designation of origin, passing off, unfair competition, and a deceptive trade practice under federal, state, and common law as detailed above;

b.     An Order preliminarily and permanently enjoining Defendant, its employees, agents, officers, directors, shareholders, subsidiaries, related companies, affiliates, cultivators, distributors, dispensaries, dealers, and all persons in active concert or participation with any of them:

1)  from using the GORILLA GLUE marks, the GORILLA GLUE # marks, or any other trademarks, trade names, logos, and other names or identifiers that are the same as or confusingly similar to said marks or that tend to continue any link in consumers' minds between Defendant and Gorilla Glue or the GORILLA GLUE marks, in any manner or form, in connection with any goods or services, and

2)  from representing or suggesting, by any means whatsoever, directly or indirectly, that Defendant, any goods or services offered by Defendant, or

any activities undertaken by Defendant, are sponsored or approved by, or are or have at any time been associated, affiliated, or connected with Gorilla Glue in any way;

c.      An Order requiring Defendant to deliver up for destruction all advertisements, promotional materials, labels, signs, pictures, letterhead, plaques, clothing and any other materials containing infringing marks and/or false claims in their possession, custody, or control, or in the possession, custody, or control of any of their agents or representatives;

d.      An Order requiring Defendant to disable the website located at <*gorillaglue4.com*> and requiring Defendant to transfer the <*gorillaglue4.com*> domain to Gorilla Glue;

e.      An Order directing Defendant, with respect to all state trademark registration systems, to withdraw, cancel or otherwise extinguish all applications and registrations for trademarks containing the words "Gorilla Glue," containing an image of a gorilla, containing any other words or images that are likely to cause confusion with the GORILLA GLUE marks, or furthering or continuing in any way the confusing and dilutive association between GG Strains and the GORILLA GLUE marks.

f.      An Order directing Defendant to file with this Court and serve on Gorilla Glue's attorneys, thirty (30) days after the date of entry of any injunction, a report in writing and under oath setting forth in detail the manner and form in which it has complied with the Court's injunctions;

g.      An Order requiring Defendant to account for and pay to Gorilla Glue any and all profits arising from or related to Defendant's unlawful acts and that such profits be increased in accordance with 15 U.S.C § 1117 and other applicable laws;

22

h.    An Order requiring Defendant to pay Gorilla Glue the full amount of damages caused by Defendant's unlawful acts, and that such damages be trebled in accordance with 15 U.S.C. § 1117 and other applicable laws;

i.    An Order requiring Defendant to pay Gorilla Glue its costs and attorneys' fees in this action pursuant to 15 U.S.C. § 1117 and other applicable laws; and

j.    Any other relief as the Court may deem appropriate.


Respectfully submitted,

/s/ *Thomas F. Hankinson*
Thomas F. Hankinson (0088367)
Alison J. Stimac (0078214)
Mayra E. Carranza (0095953)
KEATING MUETHING & KLEKAMP PLL
One East Fourth Street, Suite 1400
Cincinnati, Ohio 45202
Tel: (513) 579-6400
Fax: (513) 579-6457
thankinson@kmklaw.com
astimac@kmklaw.com
mcarranza@kmklaw.com
*Attorneys for The Gorilla Glue Company*


Dated:  March 24, 2017

7409207.3